1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRUCE THORNS,

11          Plaintiff,                    No. 2:11-cv-01826-MCE-DAD P

12          vs.

13   S. SHANNON, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Before the court are plaintiff's motion to compel and defendants' motion to

18   modify the scheduling order.

19                        **PLAINTIFF'S MOTION TO COMPEL**

20   I.  Plaintiff's Arguments

21          In his motion to compel, plaintiff asserts that defendants have failed to respond to

22   his request for production of documents which was delivered to prison staff on November 16,

23   2011.  (Doc. No. 15 at 1.)  Plaintiff provides a declaration under penalty of perjury in which he

24   asserts that the envelope containing this discovery request was addressed to Deputy Attorney

25   General Jeffrey Steele and that the envelope was sealed in the presence of correctional officer

26   Zerr and given to him for mailing.  (Id. at 10.)  Therein, according to plaintiff, he made nine

1

production requests.  However, in his pending motion plaintiff seeks an order compelling the

production of only the following three items:  the written policies concerning coverings on cell

windows (request number 3), written policies concerning outdoor exercise (requests number 6),

and "[a]ll video surveillance tapes on C-yard from all cameras from the dates of September 7,

2010 to September 7, 2011" (request number 8).  (Id. at 1-2.)  Plaintiff argues that his request for

production of documents was timely because it was given to officer Zerr on November 16, 2011

and discovery did not close in this action until February 17, 2012.  (Id. at 2.)

II.  Defendants' Opposition

Defendants oppose the motion to compel, arguing that it is untimely and that

plaintiff's request for production of documents was never served on defendants.  (Doc. No. 16 at

1-2.)  According to defendants' counsel, during his deposition on February 9, 2012, plaintiff

stated that he had not received documents in response to his request for production of documents.

(Id. at 2 & Doc. 16-4 at 3.)  Defendants' counsel informed plaintiff at that time that although

defendants had received plaintiff's interrogatories and request for admissions, they had not been

served with a request for production of documents.  (Doc. 16 at 2 & Doc. 16-4 at 3-4.)  In

addition, defense counsel pointed out to plaintiff that his proof of service noted only the service

of interrogatories and request for admissions.  (Id.)  Defendants argue that plaintiff initially stated

that the discovery requests were sent together, but now claims that he sent the request for

production of documents separately.  (Doc. No. 16 at 2 & Doc. 16-4 at 4.)  In his declaration,

defense counsel states that plaintiff's interrogatories and requests for admission were served on

November 30, 2011, and that timely responses were served on plaintiff.  (Doc. No. 16-1 at 1-2.)

Defendants also submit the declaration of Stacy Vue, a technician with the office of the litigation

coordinator.  (Doc. No. 16-2.)  According to Ms. Vue, she reviewed the mail log and it reflects

that plaintiff sent legal mail to the Office of the Attorney General on December 1, 2011 but there

is no record that plaintiff sent mail to the Attorney General's Office any other time in November

2011.  (Id. at 1-2.)

III.  Plaintiff's Reply

In his reply, plaintiff acknowledges that the deadline for filing his motion to compel was February 17, 2012, but explains that he "misread the court's order, believing that he had until May 11, 2012." (Doc. No. 17 at 3.)  Plaintiff continues to assert that he gave his legal mail containing the request for production of documents to correctional staff on November 16, 2011.

IV.  Analysis

As noted by the parties, the court's discovery and scheduling order was filed on November 3, 2011, and set February 17, 2012 as the deadline for conducting discovery in this action.  (Doc. No. 13 at 6.)  The motion to compel will be denied for the following reasons.  First, although plaintiff is proceeding without counsel, plaintiff is required to comply with the court's orders and the deadlines set forth therein.  Plaintiff's explanation that he misunderstood the court's scheduling order is unpersuasive.  Plaintiff's motion to compel is untimely.  Second, plaintiff failed to act diligently.  At the latest, by February 9, 2012, he was aware that no production of documents had been made by defendants.  Nevertheless, plaintiff did not seek a court order extending the time to conduct discovery or to file a timely motion to compel.  Third, in any event the court is not persuaded that plaintiff's request for production of documents seeks relevant evidence or that plaintiff is unable to obtain the documents in question without a court order.  In his request for production and his motion to compel plaintiff seeks policies concerning cell windows and outdoor exercise.  However, there is no indication that such regulations and policies are unavailable at the prison law library.  As to plaintiff's request for the production of "[a]ll video surveillance tapes on C-yard from all cameras from the dates of September 7, 2010 to September 7, 2011[,]" the discovery request appears to be overly broad and irrelevant to plaintiff's claims in this action.

/////

/////

3

**MOTION TO MODIFY THE SCHEDULING ORDER**

1. Defendants seek an additional thirty days to file dispositive motions.  The current deadline is May 11, 2012.  Defendants explain that there is a pending class action involving the same issues as those presented in this case, that counsel has had to absorb the cases of other attorneys who have retired, transferred or taken leave of absence in the past several months, and that the interest of justice would be best served by allowing defendants to file a summary judgment motion because the material facts in this case are largely undisputed.

Plaintiff opposes the motion and argues that defendants have had sufficient time to file a summary judgment motion.  (Doc. No. 19 at 2.)  Plaintiff contends that material facts in this case are in fact disputed.  (Id. at 3.)

The court is persuaded that defendants' request is made in good faith.  Moreover, it is at least possible that a motion for summary judgment could result in the disposition of this action without the necessity of a trial.  Therefore, defendants' motion to modify the scheduling order will be granted.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's March 12, 2012 motion to compel discovery (Doc. No. 15) is denied;

2.  Defendants' May 10, 2012 motion to modify the scheduling order (Doc. No. 18) is granted;

3.  The May 11, 2012 deadline for the filing of pretrial motions, except motions to compel, is vacated and reset to thirty days from the date of this order.

DATED: June 8, 2012.

DAD:4
thor1826.mtc.sched

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

4